UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 17-199-DLB

KURT HARRINGTON                                                                     PETITIONER

VS.                  **MEMORANDUM OPINION AND ORDER**

J. RAY ORMOND, WARDEN                                      RESPONDENT

*** *** *** ***

In 2014, inmate Kurt Harrington filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. In that petition, Harrington argued that his federal sentence was improperly enhanced in light of the Supreme Court's decision in *Burrage v. United States*, 134 S. Ct. 881 (2014). This Court analyzed Harrington's claim and determined that it could not be brought in a § 2241 petition because "the Supreme Court has not expressly held that its holding in *Burrage* is retroactively applicable to cases on collateral review." *Harrington v. Holland*, No. 6:14-cv-192-DLB (E.D. Ky. May 4, 2015) at Doc. #10. The Court also added that "several recent cases have noted that the *Burrage* decision has never been held to be retroactively applicable to such cases." *Id.* Thus, the Court denied Harrington's § 2241 petition. *See id.* Harrington did not appeal that decision.

Now, two years later, Harrington has filed another § 2241 petition with this Court. (Doc. # 1). In Harrington's latest petition, he repeats his *Burrage* claim and suggests that, since the Court issued its last decision, a few federal circuit courts outside of the Sixth Circuit have determined that *Burrage* is retroactively applicable to cases on collateral

1

review. (Doc. # 1 at 5-6). While that may be true, as another federal district court has recently pointed out, neither the Supreme Court nor the Sixth Circuit has yet indicated that *Burrage* is retroactive to cases on collateral review. *See Love v. Terris*, No. 2:17-cv-11913, 2017 WL 3412098, *3 (E.D. Mich. 2017). At this time, "[i]n the absence of any clear language by the Supreme Court or the Sixth Circuit that *Burrage* is retroactive to cases on collateral review, petitioner cannot raise such a claim in his § 2241 petition." *Id.*

Furthermore, the only current authority in the Sixth Circuit that would allow Harrington to challenge his sentence enhancement in a § 2241 petition is *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016). In that case, the Sixth Circuit indicated that such challenges can only be brought by "prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005)." *Hill*, 836 F.3d at 599. Since the trial court sentenced Harrington in 2010, well after the Supreme Court decided *Booker*, his case does not fit within *Hill*'s very narrow confines. Therefore, under current case law, Harrington's claim is not cognizable under § 2241. Accordingly,

**IT IS ORDERED** that:

1. Harrington's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED**;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. A corresponding Judgment shall be entered this date.

This 12th day of September, 2017.



Signed By:
*David L. Bunning*  DB
United States District Judge

K:\DATA\ORDERS\ProSe\Harrington 17-199-DLB Memorandum CDS.docx